# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Kai Bird<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF STATE<br><br>Defendant. | Civil Action No. 19-cv-02860-KBJ |

**DECLARATION OF ERIC F. STEIN**

Pursuant to 28 U.S.C. § 1746, I, Eric F. Stein, declare and state as follows:

1. I am the Director of the Office of Information Programs and Services ("IPS") of the United States Department of State (the "Department" or "State") and have served in this capacity since January 22, 2017. Previously, I served as the Acting Director since October 16, 2016, and as the Acting Co-Director since March 21, 2016.

2. The core responsibilities of IPS include: (1) responding to records access requests made by the public (including under the Freedom of Information Act, the Privacy Act, and the mandatory declassification review requirements of Executive Order No. 13526 of December 29, 2009, governing classified national security information), by members of Congress, by other government agencies, and those made pursuant to judicial process, such as subpoenas, court orders and discovery requests; (2) records management; (3) privacy protection; (4) national security classification management and declassification review; (5) corporate records archives

management; (6) research; (7) operation and management of the Department's library; and (8) technology applications that support these activities.

3. In my current capacity, I am the Department official immediately responsible for responding to requests for records under the Freedom of Information Act (the "FOIA"), 5 U.S.C. § 552, the Privacy Act of 1974, 5 U.S.C. § 552a, and other records access provisions. As the Director of IPS, I have original classification authority.

4. Prior to serving in this capacity, I worked directly for the Department's Deputy Assistant Secretary ("DAS") for Global Information Services ("GIS") and served as a senior advisor and deputy to the DAS on all issues related to GIS offices and programs, which include IPS.

5. I make the following statements based upon my personal knowledge, which in turn is based upon information furnished to me in the course of my official duties. I am familiar with the efforts of Department personnel to process the subject FOIA request, and I am in charge of coordinating the agency's search and recovery efforts with respect to that request.

6. The purpose of this declaration is to provide the Court with information concerning IPS's search for records in the processing of Plaintiff's FOIA request.

## ADMINISTRATIVE PROCESSING OF PLAINTIFF'S FOIA REQUEST

1. On July 14, 2016, Plaintiff by mail submitted a FOIA request to the U.S. Department of State seeking:

> [A] cable sent from the US embassy in Madrid, Spain to the State Department in the time period July 1, 1980 – August 31, 1980; the cable reports on or mentions briefly the visit to Madrid of a private citizen, William J. Casey, or "Bill Casey," who at the time was the campaign manager for the Republican Party's presidential nominee, Ronald Reagan.

Plaintiff's request covered the time period July 1, 1980–August 31, 1980.

2. By letter dated July 20, 2016, IPS acknowledged receipt of Plaintiff's FOIA request and assigned it Case Control Number F-2016-08342.

3. By letter dated December 18, 2019, IPS informed the Plaintiff that searches of Department records had located no records responsive to his request.

**THE SEARCH PROCESS**

4. When the Department receives a FOIA request, IPS evaluates the request to determine which offices, overseas posts, or other records systems within the Department may reasonably be expected to contain the records requested. This determination is based on the description of the records requested and requires a familiarity with the holdings of the Department's records systems, applicable records disposition schedules, and the substantive and functional mandates of numerous Department offices and Foreign Service posts and missions.

5. Each office within the Department, as well as each Foreign Service post and mission, maintains files concerning foreign policy and other functional matters related to the daily operations of that office, post, or mission. These files consist generally of working copies of documents, information copies of documents maintained in the Central Foreign Policy Records collection, and other documents prepared by or furnished to the office in connection with the performance of its official duties, as well as electronic copies of documents and e-mail messages.

6. Based on its knowledge of the responsibilities of the various Department components, together with an evaluation of the subject matter of Plaintiff's request, IPS determined that the Department components reasonably likely to maintain responsive records

were the Bureau of Legislative Affairs ("H"), the Department's Retired Records, and the State Archiving System ("SAS"). IPS concluded that no other components or records systems were reasonably likely to maintain documents responsive to Plaintiff's request, and that the tasked components searched all files reasonably likely to contain relevant documents.

7. When conducting a search in response to a FOIA request, the Department relies on the knowledge and expertise of the employees of each bureau/office/post to determine the files and locations reasonably likely to house responsive records and the best means of locating such records, as these employees are in the best position to know how their files are organized. Likewise, these employees are also in the best position to determine which search terms would yield potentially responsive records, because they are most knowledgeable about the organization of the records systems in use. In this case, wherever possible, the Department relied on the expertise of individuals with knowledge about the Department's records systems.

**Bureau of Legislative Affairs**

8. The Bureau of Legislative Affairs ("H") is charged with coordinating legislative activity for the Department of State and advising the Secretary, the Deputy Secretary, as well as the Under Secretaries and Assistant Secretaries on legislative strategy.

9. The Chief of Congressional Correspondence in the H Executive Office, who was knowledgeable of both the FOIA request at issue and H's records systems, determined that based on the subject of the request, H would not be reasonably likely to maintain responsive records. Any records that would have been created would have been archived or destroyed in accordance with Department records control schedules.

**Retired Records**

10. A Government Information Specialist, who was knowledgeable of the FOIA request at issue and the IPS records systems, conducted a search of the Retired Record Inventory Management System ("RIMS") to identify any retired records responsive to Plaintiff's request. RIMS is a searchable database that automates the processing of records retired to the Records Service Center and tracks the status of all materials received at the Records Service Center ("RSC") from the point of receipt to ultimate disposition. IPS analysts can search both the full-text of the retired file manifests as well as the metadata (i.e., database fields) in the RIMS database. The retired file manifests serve as an index of the contents of retired paper and electronic files and are used to direct a researcher to particular retired files. On occasion, manifests do not contain sufficient detail to indicate the exact contents maintained under a given subject. Once potentially responsive material is located, the entire contents of the box or the electronic file must be searched.

11. The Government Information Specialist conducted a search of RIMS for records from Embassy Madrid during July 1, 1980–August 31, 1980, the dates specified in Plaintiff's initial request. She then manually reviewed the manifests to determine if there were any retired lot files that were reasonably likely to contain responsive records. The Specialist identified 12 boxes as potentially containing responsive documents. She conducted a manual review of all the documents contained in the boxes, and no responsive records were located.

12. In response to a request from Plaintiff, the Government Information Specialist conducted a supplemental search in RIMS for the 1991 files of Edwin "Ed" Williamson, the State Department's Legal Advisor from 1990 to 1993. The Specialist identified one box

containing the 1991 files of Edwin "Ed" Williamson. She conducted a manual review of all documents contained in the box, and no responsive records were located.

13. In addition to the requested supplemental search, the Government Information Specialist conducted a search in RIMS for all files related to the Congressional October Surprise Task Force. The specialist identified 12 boxes containing records related to the Task Force. She conducted a manual review of all documents contained in the boxes, and no responsive records were located.

**State Archiving System**

14. The State Archiving System ("SAS") provides the capability to query over 40 million records through a single interface. These records include those documents that discuss or define foreign policy, set precedents, or require action or use by more than one office. More specifically, SAS provides search capability and access to (a) the official record copies of almost all incoming and outgoing cables between the Department and Foreign Service posts; (b) diplomatic notes; (c) correspondence to and from the White House, members of Congress, and other federal agencies; (d) position papers and reports; (e) memoranda of conversations; and (f) interoffice memoranda. The records contained within SAS are commonly referred to as the "Central Foreign Policy Files" or "Central File." SAS generally allows the Department to conduct full-text searches of records. For all documents in the Central File that are not directly full-text searchable through SAS, including some older correspondence, SAS will search the text of a customized reference index that directs a searcher to a full copy of the document.

15. A Government Information Specialist, who was knowledgeable of the FOIA request at issue and SAS, conducted a search of SAS for all records containing the search terms: (("William") within two words of ("Casey")) or (("Bill") within two words of ("Casey")), which

were sent to or from Embassy Madrid. This search was limited to July 1, 1980 to August 31, 1980, the dates specified in Plaintiff's initial request. No responsive records were located.

**CONCLUSION**

16. In summary, the Department searched all locations reasonably likely to contain documents responsive to Plaintiff's FOIA request. The Department was unable to locate any documents responsive to Plaintiff's request.

***

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 8th day of October 2020, Washington, D.C.

Eric F. Stein